IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


LEONA A. POPE                                                                              PLAINTIFF

v.                                        Civil No. 6:25-CV-06048-MEF

FRANK BISIGNANO, Commissioner,
Social Security Administration                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's final decision denying disability benefits. (ECF No. 2). The parties subsequently consented to the exercise of jurisdiction by a United States Magistrate Judge for all purposes in the case pursuant to 28 U.S.C. § 636(c). (ECF No.6). On February 2, 2026, the undersigned entered a Judgment reversing and remanding the matter upon the Commissioner's Unopposed Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF Nos. 18-20). Presently before the Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF No. 21). The Commissioner has filed a Response, stating he does not oppose Plaintiff's Motion. (ECF No. 22). The Court has carefully considered the issues, and for the reasons discussed below, Plaintiff's Motion is GRANTED.

Plaintiff filed her Motion on April 2, 2026, seeking attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), in the amount of $5,544.00, representing a total of 22 attorney hours for work performed in 2025 and 2026 at an hourly rate of $252.00. (ECF No. 21, 21-1). On April 6, 2026, Defendant filed a response affirmatively stating he had no objections to Plaintiff's prevailing party status, the issue of substantial justification, or the

attorney's itemized request for a total award of $5,544.00, specifying an hourly rate of $252.00 for 22 hours' total time expended on Plaintiff's case. (ECF No. 22, p. 2).

It is the opinion of the undersigned that Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the Commissioner's decision to deny benefits was not substantially justified, the hourly rate requested by Plaintiff's attorney does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the Court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the denial of benefits); 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee award is $125.00 per hour); *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990) (court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI")); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (reasonableness of award entails consideration of the following factors: the time and labor required; difficulty of questions involved; skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Upon consideration of the foregoing authority and relevant factors, the Court concludes that Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,544.00.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, if Plaintiff has executed a valid assignment to her attorney of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

The parties are reminded that, to prevent double recovery by counsel for Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Based upon the foregoing, Plaintiff is awarded the sum of **$5,544.00** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 17th day of April 2026.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE